

**Signed and Filed: April 23, 2010**

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No: 01-32495 TEC |
| AT HOME CORPORATION, | Chapter 11 |
| Debtor. | |
| AT HOME CLAIMS, LLC, | |
| Plaintiff, | Adv. Proc. No. 09-3205 TC |
| vs. | |
| EQUINIX, INC. PACIFIC SHORES DEVELOPMENT, LLC, and TICKETS.COM, | |
| Defendants. | |

**MEMORANDUM RE JOINT MOTION TO DISMISS SECOND AMENDED COMPLAINT**

On March 26, 2010, the court held a hearing on Defendants' Joint Motion to Dismiss the Second Amended Complaint Pursuant to Rule 12(b)(6). Maureen A. Harrington appeared for Plaintiff. Jeffry A. Davis appeared for Defendants. Donald Cram appeared as associate counsel for Defendants. Upon due consideration, and for the reasons stated below, the court determines that the Second Amended Complaint (SAC) must be dismissed without leave to amend,

MEMO RE MOTION TO DISMISS SAC    -1-

because Plaintiff has not alleged facts sufficient to establish standing to prosecute the complaint.

FACTS

Created in connection with the joint plan of liquidation of At Home Corporation and its subsidiaries, the General Unsecured Creditors Liquidating Trust (the Trust) is a liquidating trust, the purpose of which is to "resolve, liquidate, and realize upon the assets, Rights of Action and such other claims and property transferred to it" pursuant to the joint plan. SAC, Exh. 2. The Trust does not bar holders of the Trust interests from selling such interests. Id. The Trust is governed by California law. Id.

Plaintiff At Home Claims LLC (AHC) is the present holder of over $6 million in allowed unsecured claims against Debtors. SAC, ¶ 1. The Second Amended Complaint does not allege, however, that AHC held trust interests on the date the alleged breaches of fiduciary duty occurred. AHC is a current beneficiary of the Trust, and brings its lawsuit on behalf of itself and all other Trust beneficiaries. Id.

LAW

Under California law, a shareholder of a corporation may bring a derivative action only if it owned shares on the date of occurrence of the alleged harm, if it obtained its shares by operation of law from a party that owned shares on the date of the alleged harm, or if it acquired the shares before there was disclosure to the public or to plaintiff of the wrongdoing of which plaintiff complains. Cal. Corp. Code § 800(b)(1); Pacific Lumber Co. v. Sup. Court, 226 Cal. App. 3d 371 (1990).

Federal Rule of Civil Procedure 23.1 independently conditions a plaintiff's standing to bring suit for harm to a corporation (or

unincorporated association) upon the plaintiff owning the shares or membership interests at the time the alleged harm occurred.

The logic behind the continuous-ownership doctrine has been explained clearly and succinctly by the Delaware Chancery Court:

> [W]here shareholders have purchased all or substantially all of the shares of a corporation at a fair price, they have personally sustained no injury from wrongs which occurred prior to their purchase, and consequently, any recovery on their part for such prior wrongs would constitute a windfall and would enable such shareholders to obtain funds to which they had no just title or claim. In addition, to allow recovery to subsequent shareholders for prior wrongs would permit them to recoup a large part of the price they agreed to pay for their shares even though they had received all they had bargained for. Finally, to allow recover would be to permit after-acquiring shareholders to profit from wrongs done to others, and thus encourage speculative litigation.

Midland Food Svcs. LLC v. Castle Hill Holdings V, LLC, 792 A.2d 920, 928-29 (Del. Ct. Chanc. 1999)(citation omitted); accord Bangor Punta Operations, Inc. v. Bangor & Aroostook Railroad Co., 417 U.S. 703 (1974).

I determine that the liquidating trust at issue here is a type of unincorporated association for the purpose of California Corporations Code section 800(b)(1) and Federal Rule of Civil Procedure 23.1. First, the California Corporations Code defines "unincorporated association" as an "unincorporated group of two or more persons joined by mutual consent for a common lawful purpose, whether organized for profit or not." Cal. Corp. Code § 18035. The Trust falls within the broad parameters of this definition. Second, Bogert states that a liquidating trust for an insolvent business debtor is a type of business trust. Bogert Law of Trusts and Trustees § 254. The legislative history for the California Corporations Code indicates that a business trust is a type of unincorporated association. Cal. Corp. Code § 18020 (Law Review

MEMO RE MOTION TO DISMISS SAC        -3-

Commission Comments 2004 Addition). Third, and most important, the Trust at issue here is like a corporation in that the interests of claim holders are freely transferrable. It is appropriate to apply the continuous-ownership requirement, because the price of the transferred claim should reflect any prior bad acts of the trustee.

The Second Amended Complaint may not be prosecuted as a derivative action, because it does not allege either that AHC owned its claim at the time the complained-of acts occurred, acquired its claim by operation of law, or acquired its claim before there was disclosure of the alleged bad acts to the public or to the plaintiff. AHC suffered no direct injury from the alleged conduct, because it has not alleged that it owned any interest in the Trust at the time of such conduct.

The motion to dismiss is granted without leave to amend, because the subject complaint is already a second amendment to the original complaint, and because the court has no reason to believe that Plaintiff can amend to satisfy the continuous-ownership requirement or its statutorily recognized exceptions.

**END OF MEMORANDUM**