

**Signed and Filed: June 30, 2010**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
In re                              ) Case No: 01-32495 TEC
                                   )
AT HOME CORPORATION,               ) Chapter 11
                                   )
                                   )
                Debtor.            )
_____)
AT HOME CLAIMS, LLC,               )
                                   ) Adv. Proc. No. 09-3205 TC
                Plaintiff,         )
                                   )
     vs.                           )
                                   )
EQUINIX, INC. PACIFIC SHORES       )
DEVELOPMENT, LLC, and TICKETS.COM, )
                                   )
                Defendants.        )
_____)
```

### MEMORANDUM RE PLAINTIFF'S MOTION FOR RECONSIDERATION

Upon due consideration, and for the reasons stated below, the court denies Plaintiff's Motion for Reconsideration (the Motion to Vacate). This memorandum shall constitute the court's findings of fact and conclusions of law.

**FACTS**

On February 3, 2010, Plaintiff filed its second amended complaint, seeking to recover for harm allegedly suffered by

MEMO RE MOTION FOR RECONSIDERATION   -1-

beneficiaries of the General Unsecured Creditors Liquidating Trust (GUCLT). On February 17, 2010, Defendants filed a joint motion to dismiss the second amended complaint (the Motion to Dismiss), arguing that Plaintiff lacked standing to assert the alleged claims, because the GUCLT is like a corporation, and because the alleged misconduct occurred before Plaintiff acquired its interest in the GUCLT.

On April 26, 2010, after a hearing on the Motion to Dismiss, the court entered a memorandum decision and order (the Dismissal Order) granting the Motion to Dismiss without leave to amend. The court reasoned that, because Plaintiff did not own the GUCLT trust interests on the date of the wrongdoing alleged in the second amended complaint, Plaintiff failed to satisfy the continuous-share-ownership requirement created by Cal. Corp. Code § 800(b)(1) and Fed. R. Civ. Proc. 23.1. The court determined that Plaintiff was bound by the continuous-ownership doctrine, because the GUCLT is a type of "unincorporated association" under Cal. Corp. Code § 18035, because the GUCLT is like a corporation in that the interests of the trust holders are freely transferrable, because the price of the transferred claim should reflect any prior bad acts by the trustee, and because allowing prosecution of the second amended complaint would constitute a windfall and encourage speculative litigation.

Plaintiff did not appeal the Dismissal Order. Nor did Plaintiff timely file a motion to alter or amend judgment under Rule 59(e).

On May 19, 2010, twenty-three days after entry of the Dismissal Order, Plaintiff filed the Motion to Vacate, seeking to vacate the Dismissal Order pursuant to Federal Rules of Civil

**MEMO RE MOTION FOR RECONSIDERATION** -2-

Procedure 59(e) and 60(b). In support of the Motion, Plaintiff introduced a March 17, 2003 letter written by GUCLT counsel to the Securities and Exchange Commission (the Letter). In the Letter, GUCLT counsel argues that the GUCLT beneficial interests do not constitute "securities" within the meaning of the Exchange Act, and are not the type of instrument included within the ordinary meaning of the term security.

The sole basis under which Plaintiff now seeks to amend the Dismissal Order is Rule 60(b)(1).[1] Specifically, Plaintiff urges that entry of the Dismissal Order was manifestly unjust, because Defendants are judicially estopped from taking an inconsistent position before this court and the SEC regarding whether the beneficial trust interests represent an ownership interest in the GUCLT.

**LAW**

Rule 60(b)(1)[2] provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." In its opposition to the Motion to Dismiss, Plaintiff did not argue judicial estoppel. Plaintiff could have made this argument, because it knew about the Letter at the time of the hearing,[3] and because the Exchange Act of 1934 was

---

[1] In its reply papers, acknowledging that the Motion to Amend was filed more than 14 days after entry of the Dismissal Order, Plaintiff expressly abandoned its motion under Rule 59(e) and all arguments that the Dismissal Order was based on an error of law.

[2] Rule 60(b)(1) is incorporated into the Federal Rules of Bankruptcy Procedure via Fed. R. Bankr. Proc. 9024.

[3] Rule 60(b)(2) allows the court to vacate an order when a party presents newly discovered evidence that could not with reasonable diligence have been discovered in time to move for a new trial under Rule 59(b). Plaintiff does not contend that the Letter

MEMO RE MOTION FOR RECONSIDERATION    -3-

enacted prior to the hearing on the Motion to Dismiss.[4] Under these particular facts, the court determines that Plaintiff's failure to make a legal argument is not excusable neglect within the meaning of Rule 60(b)(1). See Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn, 139 F.3d 664 (9th Cir. 1997).

Had Plaintiff made the newly asserted judicial estoppel argument in opposition to the Motion to Dismiss, the court likely would not have found in Plaintiff's favor, because the GUCLT[5] has not relied upon contradictory arguments to prevail in different fora. It is not inconsistent to argue that the broad definition of share under Cal. Corp. Code § 800(a)[6] means something different from the definition of equity security under 15 U.S.C. § 78c(a)(11).

Because Plaintiff has not demonstrated a basis to vacate the Dismissal Order, the Motion to Vacate is denied.

**\*\*END OF MEMORANDUM\*\***

---

is newly discovered evidence.

[4] Plaintiff also could have appealed the Dismissal Order or filed a timely motion to alter amend the Order.

[5] The court assumes without deciding that counsel for the GUCLT was acting as agent for the supervisory trust board members in connection with the Letter.

[6] Cal. Corp. Code § 800(a) provides in pertinent part as follows: "As used in this section, . . . 'shares' includes memberships in an unincorporated association."

**MEMO RE MOTION FOR RECONSIDERATION** -4-